UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMY GARNER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     13-417** |
| **WERNER ENTERPRISES, INC., OF NEBRASKA** | **SECTION: "J" (4)** |

### ORDER

Before the Court is Defendants, Robert Payton, Werner Enterprises, Inc. of Nebraska and ACE American Insurance Company's (collectively, "Defendants") **Motion to Compel Discovery Responses (R. Doc. 21)**, seeking an Order from this Court compelling Plaintiff, Jimmy Garner ("Plaintiff") to respond to its Request for Production of Documents and Things propounded by Defendants. (R. Doc. 21, p. 1).  Plaintiffs, Jimmy Garner, et al. ("Plaintiffs") have opposed the motion  (R. Doc. 30). Defendants filed a reply to the opposition. (R. Doc. 38). The motion is noticed for submission on December 18, 2013.

**I.     Background**

This action arises out of an automobile accident which occurred in Bogalusa, Louisiana, on or about November 20, 2012, in which Plaintiff, Jimmy Garner, was allegedly driving his Jeep southbound on Highway 21, when he was struck by Defendant, Robert Payton, ("Defendant Payton") who was driving an eighteen-wheeler truck with an attached trailer, for Defendant, Warner Enterprises, Inc., of Nebraska, northbound on Highway 21. *See* R. Doc. 1, p. 2-3, ¶¶ III-IV.

Specifically, Plaintiff alleges that Defendant Payton turned left in front of his vehicle onto Highway 3124 resulting in the two cars colliding, and Plaintiff being ejected from the vehicle. *Id.* at ¶ V.

As a result of this accident, Plaintiff allegedly suffered and continues to suffer from multiple personal, psychological and emotional injuries, which allegedly limit him from performing his normal activities, and cause him significant pain and discomfort in his employment. *Id.* at VII-VIII. For these reasons, Plaintiff and his spouse, Mary Garner (collectively "Plaintiffs") filed this action against Defendants Payton, Werner Enterprises, Inc. of Nebraska, and Ace American Insurance Company (collectively "Defendants") asserting various theories of liability including negligence, gross negligence and res ipsa loquitor. *Id.* at pp. 8-12.

As to the instant motion, Defendants seek an Order from this Court compelling Plaintiffs to produce Plaintiffs' Jeep which was involved in the accident, and photographs from the accident, which were previously requested in two separate requests for production of documents propounded on Plaintiffs counsel. Specifically, Defendants contend that as earlier as June 27, 2013, in complying with this Court's Scheduling Order, forwarded its initial disclosures to Plaintiffs, and asked in return for the opportunity to inspect Plaintiffs' 1998 Jeep Grand Cherokee. *See* R. Doc. 21-1, p. 1; 21-3, p. 1. On August 26, 2013, counsel for Defendants contends that he sent a letter to counsel for Plaintiffs requesting responses to discovery and that Plaintiffs' responses to the Rule 26 initial disclosures were also overdue. *Id.* at p. 2; R. Doc. 21-4, p. 1.

On September 5, 2013, counsel for Defendants sent another letter to counsel for Plaintiffs following a previously scheduled discovery conference, which neither counselors of record for Plaintiff allegedly responded. *See* R. Doc. 21-1, p. 2. In this September letter, counsel for Defendants also propounded an amended, formal Request for Production of Documents and Things

to inspect Plaintiffs' vehicle, which provided:

> ". . . produce your 1998 Keep Cherokee, VIN Number 1J4GZ48SXWC334202, Louisiana License plate number: WMB 693 for inspection and testing by defendant and any experts they employ."

*See* R. Doc. 21-8, p. 1-2. Defendants contend that on October 24, 2013, during Plaintiff's deposition, Plaintiff was allegedly confused about the whereabouts of his Jeep Cherokee. *See* R. Doc. 21-1, p. 3. It was ultimately determined that the Jeep was on Plaintiffs' property in Bogalusa, Louisiana. *Id.* However, no inspection was conducted.

Then, on November 8, 2013, counsel for Plaintiffs and counsel for Defendants spoke about the necessity of inspecting Plaintiffs vehicle. *Id.* Counsel for Defendants contend that counsel for Plaintiffs stated he would not allow the inspection of the vehicle until Defendant, Robert Payton was produced for a deposition in New Orleans, Louisiana. *Id.* On November 14, 2013, counsel for Defendants forwarded potential dates for Payton's deposition to counsel for Plaintiffs, and asked when the vehicle would be available for inspection. *Id.* at 4.

Counsel for Defendants contend that they spoke with an alleged expert, Ben Smith, regarding dates when he would be available to inspect the Plaintiff's Jeep Cherokee. The only dates when Ben Smith was available, within the discovery cut off, were Monday, November 25, 2013 or Tuesday, November 26, 2013. *Id.* On November 19, 2013, counsel for Defendants forwarded correspondence to counsel for Plaintiffs advising that Defendants sought to inspect Plaintiff's Jeep Cherokee on Monday, November 25, 2013 or Tuesday, November 26, 2013, and again represented that Defendant Payton would be available to give a deposition in New Orleans on December 2, 3, or 4, 2013. *Id.* Defendants contend that Plaintiffs, nor counsel thereof responded to the November 18, 2013 correspondence. *Id.* As of yet, Plaintiffs have not produced the vehicle for inspection. Therefore,

Defendants seek an Order from this Court compelling Plaintiff to produce his Jeep for inspection.

In addition to the Jeep, Defendants also seek an Order from this Court compelling Plaintiffs to respond to its initial Request for Production of Documents Number 3, ("RFP No. 3") propounded on August 26, 2013. *See* R. Doc. 21, p. 2. RFP No. 3 provides:

> "Please produce any and all photographs regarding the subject incident or injuries taken for purposes of this lawsuit, including, but not limited to, photographs of Plaintiff, and/or the scene of the accident, and/or the instrumentalities involved in the accident, etc. Please produce duplicate originals or negatives of photographs, or clear color photocopies. Undersigned counsel will promptly reimburse you for any reasonable expense in reproducing photographs."

*See* R. Doc. 21-5, p. 3. On September 24, 2013, counsel for Plaintiffs propounded responses to Defendants' requests. *See* R. Doc. 21-6, p. 2. However, in response to RFP No. 3, Plaintiffs responded that they had nothing responsive to this request in their possession at this time. *Id.*

However, during Plaintiffs' deposition, on October 24, 2013, Plaintiff stated that he had pictures "of . . . where I hit the truck" and pictures showing the damage to his Jeep on his phone. *Id.* at 21-1, p. 3; 21-7, pp. 1-2. Plaintiff then stated that he had produced these documents to his attorney. Counsel for Defendants however, represent to the Court that these pictures were never produced in discovery, nor was Plaintiffs' response to RFP No. 3 ever supplemented. *Id.* Therefore, Defendants seek an Order from this Court to compel the production of these photographs.

### II.  **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of

4

adequately informing litigants in civil trials.  *Herbert v. Lando*, 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.  *Id.*  In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues.  *Id.* at 26(b)(2)(C)(iii).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information ... stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A).  This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at 34(b)(1)(A).  "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A).  "For each item or category, the response must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons [with specificity]." *Id.* at 34(b)(2)(B).  Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34.  *See In re United States*, 864 F.2d 1153, 1156

(5th Cir. 1989).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Rule 37 further requires that all discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

### III. Analysis

Defendants seek an Order from this Court compelling Plaintiffs to produce the 1998 Jeep Grand Cherokee for inspection, in response to its amended request for production of documents number one ("Amended RFP No. 1") and photographs of the incident in response to request for production of documents number three ("RFP No. 3"). The Court shall address each of these arguments separately:

#### A. Request for Production Number 3:

Defendants indicated during oral argument that the photos it sought to be compelled in the underlying motion were produced before the hearing. As such, the Court finds that Defendants' Motion to Compel as to Request for Production Number 3 is **DENIED AS MOOT**.

#### B. Request for Vehicle Inspection:

Defendants also request that Plaintiff produce the vehicle involved in the collision which led to the instant action, his 1998 Jeep Grand Cherokee. During oral argument counsel for Defendants represented that it seeks inspection of the vehicle by its alleged reconstruction expert, Ben Smith,

6

because it believes that the engine control monitoring system ("ECM") of the vehicle would potentially indicate and / or contain the speed the vehicle was traveling at the time of the incident.

In opposition, Plaintiffs stated that as early as October 1, 2013, they sent correspondence requesting to take the deposition of Defendant Payton, which they sought to have done before the vehicle would be inspected. *See* R. Doc. 30-1, p. 1. Plaintiffs contend that on October 4, 2013, counsel for Defendants allegedly responded that because Payton resides in California, his availability would need to be determined. *Id.* Plaintiffs then represent that they were not contacted regarding Payton's availability again until November 11, 2013, when Defendants offered December 2, 3, and 4, 2013 as available dates for the deposition. However, counsel for Plaintiffs had a trial conflict on these dates until November 25, 2013, when the matter settled. *Id.* at 2.

Counsel for Plaintiffs also represent that he attempted to contact counsel for defendants with regards to the inspection of the vehicle, but was not answered until December 3, 2013, when the attorneys worked out dates to depose Defendant Payton, and to proceed with the inspection of the Jeep. *Id.* Plaintiffs contend that Counsel for defendants offered to have the deposition of Payton on December 18, 2013, and that they offered several December and January dates to provide the Plaintiffs jeep for inspection. *Id.*

Therefore Plaintiffs represent that although they agree to produce the vehicle for inspection, they object to Defendants use of Ben Smith, an alleged "reconstruction expert," because he was not listed or identified as an expert in Defendants' interrogatory responses as expert that they intended to use. *Id.* Plaintiffs represent that not until November 13, 2013, when Defendants filed their List of Witnesses with this Court, was Smith identified as the reconstruction expert they intended to use. Therefore, Plaintiffs object to the inspection by this expert on the grounds that permitting the inspection would be unduly prejudicial to them, as the deadlines to file exhibit lists and present

7

expert reports has passed.

Defendants' reply to Plaintiffs' motion provides that as early as September 5, 2013, Plaintiffs were on notice that Defendants sought to have the vehicle inspected by one of their experts, as the request provided "... produce your 1998 Jeep Cherokee, VIN No. 1J4GZ48SXWC334202, Louisiana License Plate No.: WMB 693 for inspection and testing by Defendant and any experts they employ." *See* R. Doc. 38, p. 2.

During oral argument counsel for Plaintiffs reiterated his argument that Defendants did not indicate Ben Smith as an expert in their discovery responses in September 2013, nor did they supplement the responses to state otherwise. Therefore Plaintiffs argue that they were not aware that they intended on using a reconstruction expert until Defendants filed their untimely witness and exhibit list, on or around November 15, 2013.

In opposition, Defendants argued that because their initial request for production to inspect the vehicle, propounded on September 5, 2013, stated that an expert was to be employed, Plaintiffs were on notice of Defendants' intention to employ an expert, and thus permitting the inspection would not be prejudicial or unjust. Furthermore, Defendants argued that they did not disclose Ben Smith's identification because he was not retained until early November, as they were not aware until then that there was an "ECM" computer in the Jeep that may allow for the discovery of the speed data from the accident to be collected.

The Court finds that trial in this matter is scheduled for January 21, 2014. *See* R. Doc. 15. Because this case involves a personal injury action, the Court finds that an inspection of the vehicle is not routine practice. However, the possibility that the ECM would contain data about the speed of the vehicle at the time of the collision, would substantially impact the character of this case, resulting in prejudice to Plaintiff. Because counsel for Defendants could not explain why the relief was not

8

aggressively sought sooner, the Court finds that it would be unjust, prejudicial and not in the interest of judicial efficiency to compel inspection of the vehicle. Therefore the Court finds that the motion to compel inspection is **DENIED**.

### IV.     Conclusion:

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Compel Discovery Responses (R. Doc. 21)** be **DENIED AS MOOT and DENIED IN PART.**

**IT IS DENIED AS MOOT** as to Request for Production Number 3.

**IT IS DENIED** as to Defendants Request for Production of the vehicle for inspection.

New Orleans, Louisiana, this 20th day of December 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**